20174

Valerie L. REDICK, Appellant, v. William D. REDICK, Respondent.
(222 S. E. (2d) 758)

*Daniel A. Speights, Esq.,* of *Glenn, Porter and Sullivan,*
Columbia, *for Appellant,*

242

*Respondent not represented by counsel.*

February 25, 1976.

GREGORY, Justice:

Valerie Redick, the mother of two minor children, appeals from an order of the family court finding it had no productive remedy to enforce child support payments. We reverse.

The parties to this action were married on June 13, 1967, and of this marriage were born two (2) children, ages eight (8) and five (5). By Order of the Richland County Court dated July 20, 1972, the appellant was granted a divorce, *a vinculo matrimonii,* and permanent custody of the minor children, and the respondent was directed to pay to the Family Court each week the sum of Fifty and 00/100 ($50.00) dollars as child support.

The appellant instituted the present action seeking to enforce the child support provisions contained in the Order of the Richland County Court dated July 20, 1972. A full hearing was held before the Honorable J. McNary Spigner, Judge, Richland County Family Court, at which time both parties were present and represented by counsel. The parties stipulated that the total amount of the arrearage as of June 20, 1975, was Two Thousand Fifty-six and 00/100 ($2,056-.00) Dollars. The respondent further acknowledged that during the year 1975, he had paid child support in the total sum of Three Hundred Twenty and 00/100 ($320.00) Dollars.

The record discloses that respondent has two years of college education and lacks two credits from graduating in

Civil Engineering from Midlands Technical Education Center. He has no physical disabilities nor living expenses as he resides with his mother. After the divorce, respondent formed a small sub-contracting company and earned a total of approximately Seven Thousand ($7,000.00) Dollars in 1974 and 1975. Although he acknowledged that he had very little work, he testified that during 1974 and 1975 he had not contacted any employment agencies and had applied for only two jobs. This failure by respondent to actively seek gainful employment was not explained.

The South Carolina Legislature has made it manifestly clear that a father who is in possession of sufficient means, or *who is able to earn such means,* is required to pay a reasonable sum for the support of his minor children. S. C. Code §§ 15-1225(3), 15-1228, 15-1095.24(3), 15-1095.25, 20-303. The appellant made out a *prima facie* case of contempt by pleading the Order for the payment of child support and default in payment, and the burden was upon the respondent to establish his defense and to show his inability to comply with the divorce order. *Mixson v. Mixson,* 253 S. C. 436, 171 S. E. (2d) 581 (1969); *Todd v. Todd,* 242 S. C. 263, 130 S. E. (2d) 552 (1963).

With respect to the enforcement of child support provisions, the legislature has provided, *inter alia,* that the family courts of this State have the following powers:

"To require a person ordered to support another to give security by a written undertaking that he will pay the sums ordered by the court for such support and upon the failure of any person to give such security by a written undertaking when required by order of the court, to punish such person for contempt and, when appropriate, to discharge such undertaking." S. C. Code § 15-1095.24(9).

"In lieu of requiring an undertaking to suspend sentence and place on probation a person who has failed to support

another as required by law, and to determine the conditions of such probation and require them to be observed; to revoke such suspension of sentence and probation, where circumstances warrant it; and to discharge a respondent from probation." S. C. Code § 15-1095.24(10).

"To make any order necessary to carry out and enforce the provisions of this chapter, and to hear and determine any questions of support, custody, separation or any other matter over which the court has jurisdiction, without the intervention of a jury." S. C. Code § 15-1095.24(17).

"To commit to jail as for contempt of court for a term not to exceed twelve months a person who fails to obey the lawful orders of the court, but such commitment shall not prevent the court from subsequently committing such person for failure thereafter to comply with such orders;" S. C. Code § 15-1225(12).

"The failure to pay into court alimony or maintenance and support ordered by the court to be so paid or the violation of any of the orders of the court shall be deemed contempt of court within the meaning of item (18) of § 15-1225." S. C. Code § 15-1274.

Appellant has sought for two years in our courts to have respondent aid in the support of his minor children. We find the holding of the family court that it had no productive remedy contrary to the statutory provisions set forth above. The record shows respondent capable of earning a livelihood. Our legislature has provided the above remedies for the protection of the wife and children which in the instant case cannot be deemed unproductive until utilized. Accordingly, we remand this case to the family court to give appellant the relief to which she and the children are entitled.

Reversed and Remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.