20882

Clara T. BEARDEN, Appellant, v. Emmett K. BEARDEN, Respondent. Emmett K. BEARDEN, Appellant, v. Clara T. BEARDEN, Respondent.

(252 S. E. (2d) 128)

*O. W. Bannister, Jr.,* Greenville, *for Clara T. Bearden*
*Julius B. Aiken,* Greenville, *for Emmett K. Bearden.*

February 12, 1979.

GREGORY, Justice:

This consolidated appeal is from two orders of the family court in two separate actions involving the same parties.

Mrs. Bearden appeals from an order of the family court refusing to use its contempt powers to enforce the alimony provisions of the parties' property settlement agreement, and refusing to require Dr. Bearden to pay the college expenses for the parties' older son. We reverse in part and affirm in part.

Dr. Bearden appeals from an order of the family court refusing to rescind the parties' property settlement agreement on the ground of fraud. We affirm.

Dr. and Mrs. Bearden were divorced in September 1972. Incorporated within the divorce decree was a property settlement agreement entered into by and between the parties dated February 12, 1972. The following portions of the property settlement are pertinent to this appeal:

7. The husband agrees to pay to the wife the sum of $1,2500.00 per month as alimony, . . .

8. The husband agrees to pay to the wife for the support and maintenance of the children the sum of $250.00 per month for each child . . . until such child reaches the age of 21. . . . If, before reaching 21, any child enters college, then during the time such child shall be in college the monthly payment for the support and maintenance of that child shall be suspended during the portion of the school year during which the husband pays the college expenses of such child.

By order of the family court dated June 23, 1975 Dr. Bearden was held in contempt of court for failing to make payments for alimony and child support, but the incarceration of Dr. Bearden was held in abeyance so long as he paid certain arrearages in alimony and child support and so long as he continued to pay child support and eight hundred

($800.00) dollars per month as alimony. No appeal was taken from this order.

Approximately two years later Mrs. Bearden petitioned the family court to amend its order of June 23, 1975 and use its contempt power to compel Dr. Bearden to pay the full one thousand two hundred fifty ($1,250.00) dollars per month alimony payment as required by the property settlement agreement. In an order dated September 23, 1977 the trial judge refused to do so, stating:

The respondent's [Dr. Bearden] financial situation which constituted in part, the basis for the Court's order dated June 23, 1975, has not changed.

Dr. Bearden, a radiologist, is a partner in Greenville Radiology, a professional association of twelve radiologists.

The testimony and other evidence contained in the transcript of record indicates that in 1972 when the property settlement agreement was signed Dr. Bearden reported an income of sixty three thousand ($63,000.00) dollars. In 1975 his income dropped to fifty four thousand two hundred ninety two ($54,292.00) dollars. This depression in Dr. Bearden's income in 1975 served as the basis for the lower court's order dated June 23, 1975.

In 1976, however, Dr. Bearden's income rose to sixty eight thousand two hundred ninety two ($68,292.00) dollars. In addition to his taxable income Dr. Bearden made tax free contributions to a pension plan and a profit sharing plan in the amount of sixteen thousand six hundred four and 40/100 ($16,604.40) dollars. Thus, the record reflects the depression in Dr. Bearden's income that occurred in 1975 was remedied in 1976.

The trial judge refused to amend his order of June 23, 1975 and hold Dr. Bearden in contempt of court for the full amount of the alimony payment after finding that Dr. Bearden's income remained depressed. This finding is without evidentiary support. To the contrary, the evidence clearly demonstrates that Dr. Bearden's income has risen to a substantially higher level. As this portion of

the September 23, 1977 order is without evidentiary support, it is reversed and remanded for further proceedings consistent with this opinion. *Spires v. Higgins,* S. C., 248 S. E. (2d) 488 (1978).

Also in the September 23, 1977 order the trial judge ■ held that under the property settlement agreement Dr. Bearden has the option of either paying support for any child entering college before his twenty-first birthday, or paying the college expenses of that child. Mrs. Bearden argues that Dr. Bearden has no option under the agreement, and that Dr. Bearden is required by the agreement to pay the college expenses for a child under twenty-one. We agree with Mrs. Bearden that under the plain terms of the property settlement agreement Dr. Bearden does not have an option but instead is required to pay the college expenses for a child under twenty-one.

Concomitant with Dr. Bearden's obligation, however, is the obligation of the child to apply himself to his college education. The lower court found that the child in question, Emmett, Jr., had attended Clemson University for a period of two years; that a normal course load for that period would have been sixty (60) semester hours; that Emmett, Jr., had attempted only thirty one (31) semester hours and had passed only twenty (20) semester hours with a below average grade average. Emmett, Jr.'s last grade report shows the following courses taken and grades earned: Chemistry, F; English, D; Psychology, F; Math, W (Withdrawn).

The record reflects that Dr. Bearden paid his son's college expenses until it was demonstrated that the son was not doing acceptable college level work. By doing so Dr. Bearden satisfied his obligation under the property settlement agreement, and the lower court correctly found that Dr. Bearden was justified in refusing to spend any additional sums for Emmett, Jr.'s college expenses.

Dr. Bearden appeals from an order of the family court dated June 29, 1978 refusing to rescind the alimony pro-

visions of the property settlement agreement. Dr. Bearden argues that when the agreement was signed Mrs. Bearden was not entitled to alimony because of alleged adulterous conduct on her part, and that her nondisclosure of this disability was fraudulent. Mrs. Bearden denies that she committed adultery.

The trial judge did not make a finding as to whether Mrs. Bearden had committed adultery, but found instead that Mrs. Bearden had no duty to disclose any alleged misconduct on her part. Based on this finding the trial judge refused to rescind the property settlement agreement.

Even if we assume that Mrs. Bearden was guilty of misconduct, the nondisclosure of her alleged misconduct could invalidate the alimony provisions of the property settlement agreement only if she were under an affirmative duty to disclose.[1] In *Jackson v. Yaschik,* 249 S. C. 577, 155 S. E. (2d) 601 (1967), we held that an affirmative duty to disclose arises only when there is a trust or fiduciary relationship between the parties. Here, the parties were cast as adversaries in a divorce proceeding. Each was represented by counsel and each bore the burden of establishing his allegations against the other. Neither was under a duty to voluntarily disclose the weaknesses in his own position.

We agree with the lower court that Mrs. Bearden was under no duty to voluntarily disclose any alleged adulterous conduct on her part.

Accordingly, the order of the lower court dated September 23, 1977 is reversed in part and affirmed in part and remanded; and the order of the lower court dated June 29, 1978 is affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.

---

[1] It should be noted that Mrs. Bearden was neither asked to make nor did she volunteer an affirmative representation when the agreement was signed that she had not committed adultery.