0065

Effie Ann Berry PRATT, now Martin, Appellant, v. Edward PRATT, Camden Nursery, Inc., a residence located in Kershaw County, South Carolina at 112 Cherokee Place, Respondents.

(312 S. E. (2d) 577)

Court of Appeals

*Jan L. Warner* and *C. Dixon Lee, III,* Sumter, *for appellant.*

*William S. Tetterton* and *George W. Speedy,* Camden, *for respondents.*

Feb. 10, 1984.

SHAW, Judge:

This is a contempt action arising from respondent Edward Pratt's failure to make payments as agreed upon by Pratt and appellant Mrs. Martin.

Mr. and Mrs. Pratt (now Martin) were divorced on October 31, 1979. At that time they entered into an in-court integrated property settlement agreement which was approved by the Family Court on November 28, 1979. The agreement provided, among other things, that (1) in lieu of alimony, support or maintenance of any nature or description, Mrs. Martin would accept payments of $264.30/month for 118 consecutive months and (2) in lieu and in bar of any claim Mrs. Martin may have to equitable distribution of the marital property, Mrs. Martin would accept a lump sum payment of $30,000 to be paid with a $5000 down payment and monthly payments of $50 in interest and annual payments of $2000 in principal. Both the agreement and the order provided that the agreement

would be incorporated but not merged into the divorce decree; that the agreement would retain its contractual nature but that the Family Court would have the authority to enforce the agreement.

Mr. Pratt made the $5000 down payment and all other payments up to and through July 1, 1980. Due to alleged substantial losses in his nursery business which forced him into bankruptcy, Mr. Pratt claims that he was unable to make the August and September payments. Mrs. Martin then brought this suit in the Family Court to enforce but not modify the agreement. On these facts the Family Court Judge dismissed the case for lack of jurisdiction. We reverse in part and remand in part.

In *Brooks v. Brooks*, 277 S.C. 322, 286 S. E. (2d) 669 (1983) our Supreme Court held that husband's refusal to comply with a court approved (but not merged) agreement was contemptuous. The Family Court retained jurisdiction to enforce but not modify payments and the record showed that the contemnor had sums of money availabe for payments when due.

In *Bearden v. Bearden*, 272 S. C. 378, 252 S. E. (2d) 128 (1979) the trial court erroneously refused to use its contempt powers to compel an ex-husband to pay the full amount of alimony required by a property settlement agreement, incorporated within the divorce decree, in that the trial court's finding that ex-husband's income remain depressed was without evidentiary support.

By voluntarily agreeing to the jurisdiction of the Family Court for enforcement, Mr. Pratt cannot now complain that the court has no jurisdiction over the agreement.

By presenting evidence that Mr. Pratt failed to make the required payments, Mrs. Martin made out a prima facie case of contempt. The burden then shifted to Mr. Pratt to establish recognized defenses. *Redick v. Redick*, 266 S. C. 241, 222 S. E. (2d) 758 (1976); *Brooks, supra.*

Mr. Pratt claimed that because of substantial losses in his business which resulted in his place of business being foreclosed upon and in his filing bankruptcy, he was unable to make the payments. Yet, his statement from his business checking account showed a balance in the thousands

around, before and after the time the missed payments were due. The account also shows that Mr. Pratt wrote several checks to expensive restaurants about this time. Mr. Pratt also testified that he repaid a $19,000 loan to his current wife. Mr. Pratt clearly had the funds to make the payments due under the agreement.

The U. S. Bankruptcy Court, which has jurisdiction over all such matters, ruled that the $264.30 monthly payments were in the nature of alimony and not dischargeable in bankruptcy and that the $30,000 lump sum was in the nature of a property settlement and dischargeable in bankruptcy thus disposing of this issue.

Now, accordingly, the decision regarding lack of jurisdiction is hereby reversed thus reinstating the requirement of Mr. Pratt to make all of the $264.30 payments. The issue of contempt is remanded.

Reversed in part, remanded in part.

CURETON and GOOLSBY, JJ., concur.