0652

Stanley P. AMMONS, Respondent v. Bobby HOOD, Individually and d/b/a Hood's Used Cars and Parts, Appellant.

(341 S. E. (2d) 816)

Court of Appeals

*K. Wayne Shelley*, Marion, *for appellant.*

*James E. Lockemy*, of *Greene, Lockemy & Bailey*, Dillon, *for respondent.*

Heard Jan. 27, 1986.

Decided March 17, 1986.

SHAW, Judge:

Respondent Stanley P. Ammons sued his employer, appellant Bobby Hood, for negligence. The trial court granted

Ammons a default judgment and $15,000.00 in actual damages. Hood appeals and we affirm.

On January 29, 1983, Ammons slipped and fell while walking down the steps of Hood's office. The steps were covered with ice. At the time of the accident, Ammons was employed as a truck driver for Hood, a used car dealer. Ammons broke his hip in the accident and spent 12 days in a hospital undergoing treatment. Hood was served with a summons and complaint on March 9, 1983. He failed to respond and Ammons filed an Affidavit of Default on April 12, 1983. A hearing was held on August 12, 1983, resulting in Ammons receiving a default judgment and damages.

Hood assigns four errors to the trial judge. He alleges the judge erred in (1) denying his motion to permit him to answer late based on excusable neglect or inadvertence and a meritorious defense, (2) denying his motions to dismiss because the complaint fails to state a cause of action and because of a lack of subject matter jurisdiction, (3) awarding excessive actual damages, and (4) denying him the right to cross-examine Ammons on matters concerning Ammons' employment.

A party may be granted relief from a default judgment "taken against him through his mistake, inadvertence, surprise, or excusable neglect...." S. C. Code Ann. § 15-27-130 (1976). However, such relief is solely within the sound discretion of the trial judge and this court cannot substitute its judgment for that of the trial judge. *Marr v. Tesauro*, 283 S. C. 333, 322 S. E. (2d) 685 (Ct. App. 1984). This court will not disturb the trial court's decision absent a clear showing of abuse of discretion. *Em-Co Metal Products, Inc. v. The Great Atlantic & Pacific Tea Co., Inc.*, 280 S. C. 107, 311 S. E. (2d) 83 (Ct. App. 1984). Hood contends the trial court abused its discretion. We disagree. Hood is a businessman and admits being literate. He claims he was suffering from business-related stress at the time of service and was extremely busy. He maintains he did not understand his failure to answer would result in a default judgment against him. However, the summons served on Hood plainly states the defendant (Hood) is required to answer the complaint and failure to do so will result in the plaintiff

(Ammons) applying to the court for the relief demanded in the complaint. Furthermore, while Hood claims he has never been served with a complaint before, the record shows he is not totally unfamiliar with legal matters. Hood states in his affidavit in support of his motion to answer, "I was informed of my predicament by my personal attorney, K. Wayne Shelley, who had discovered the suit and its status while doing other unrelated work for me." Finally, Hood's insurance agent advised Hood to bring the papers to her which he did not do. Under these circumstances, we agree with the trial court Hood's neglect is inexcusable. Having decided such, we need not address Hood's contention he has a meritorious defense.

Hood next argues the trial court erred in not dismissing the action at the beginning of the damages hearing because the complaint fails to state a cause of action. We find the complaint clearly states a cause of action for negligence by alleging a duty owed by Hood to Ammons and a breach of that duty which caused injury to Ammons. Hood further argues the trial court erred in not dismissing the action at the conclusion of the damages hearing since workers' compensation is Ammons' exclusive remedy pursuant to S. C. Code Ann. § 42-1-540 (1976). A defendant who wishes to raise the exclusivity of workers' compensation as a defense must do so affirmatively. *Googe v. Speaks*, 194 S. C. 206, 9 S. E. (2d) 439 (1940). Since Hood did not answer, the trial court correctly denied the motion.

Hood also claims the trial court awarded excessive actual damages. A trial judge has the authority, under S. C. Code Ann. §§ 15-35-310, 320 (1976), to determine damages in a default action. The evidence in the record supports the amount awarded by the trial judge. Ammons incurred medical expenses of $5,841.23. At the time of the hearing, Ammons' lost wages totaled $3,500.00 and William L. Cheezem, Ammons' surgeon, testified Ammons suffered permanent disability of probably 25%. Dr. Cheezem also testified Ammons would remain totally disabled for another three months after the hearing. In addition, there is evidence in the record regarding the restrictions on Ammons' activities which have resulted from the injury.

Finally, Hood alleges the trial court erred in restricting his cross-examination during the damages hearing to the issue of damages. In a default action, the default judgment settles the issue of liability. The hearing is held solely to determine what damages should be awarded. The trial judge properly allowed Hood to cross-examine the witnesses regarding damages and Hood is entitled to no more. *See Howard v. Holiday Inns, Inc.*, 271 S. C. 238, 246 S. E. (2d) 880 (1978), appeal after remand 276 S. C. 502, 280 S. E. (2d) 204 (1981).

Affirmed.

CURETON and GOOLSBY, JJ., concur.