0715

Marilyn K. LASSITER, Respondent-Appellant v. Ronald L. LASSITER, Appellant-Respondent.

(345 S. E. (2d) 504)

Court of Appeals

*Thomas & Ginn, P.A.*, Charleston, *for appellant-respondent.*

*C. Dixon Lee, III*, Columbia, *for respondent-appellant.*

Heard March 19, 1986.

Decided May 19, 1986.

GARDNER, Judge:

This is a cross-appeal from both a divorce order and a supplemental order. We affirm in part, modify in part, reverse in part and remand.

The divorce decree, dated November 8, 1983, of this 8-year marriage awarded (1) the wife custody of the minor child with liberal visitation rights awarded the husband, (2) child support in the amount of $200 per month, (3) 40 percent of the marital estate by way of equitable distribution to the wife and (4) $1,750 attorney's fees to the wife. No alimony was awarded.

While this order was on appeal, the wife in February 1984, sought a contempt order against the husband and requested clarification of the November decree. The family court in a March 1984 order found the husband in contempt because he had taken the Chevette car which had been awarded the wife in the divorce decree. The family court also made child visitation more specific which included every other weekend, every Wednesday evening and six weeks in the summer and alternating major holiday visitation rights to the husband. During the six weeks time, the husband is required to pay only one-half of the child support previously ordered. The court also awarded the wife an additional $250 attorney fees for the contempt action. Both parties appealed from this order of March 9, 1984.

At issue on appeal are whether the trial judge erred in (1) awarding custody of the minor child to the wife, (2) finding the husband was an habitual drunkard, (3) denying the wife alimony, (4) the equitable division award, (5) finding the husband in contempt, (6) granting the husband visitation

privileges and decreasing his child support during the summer six weeks visitation period, (7) ordering a disposition of personal property while the equitable division award was on appeal and (8) awarding the wife attorney's fees of $1,750 and $250 in the respective actions brought by the wife.

We affirm the appealed divorce order as to the custody of the minor child, the denial of alimony,[1] the dividing of personal property and the award of attorney's fees. We hold the questions presented are without merit.

First, with reference to the equitable distribution ordered by the divorce decree, the appealed divorce order provided that the wife was to receive 40 percent of the marital estate and the husband 60 percent of the marital estate. The order provided that the husband retain the marital home (a mobile home), the lease-lot[2] and a boat, which was all of the marital estate. The court then calculated that the wife was owed $9,043.56; the appealed order then provided that this was to be paid by the husband, $500 per month until paid in full. No appeal is taken from the percentage of equitable distribution.

The marital estate can be summarized as follows:

| Marital Assets | Gross | Net |
| --- | --- | --- |
| Trailer | $20,000 | $13,793.91 |
| Lease-Lot | $12,500 | $12,500.00 |
| Boat | $ 8,750 | $ 6,698.00 |
| TOTAL | $41,250 | $32,991.91 |

Forty percent of the net of the marital estate is $13,196.76, not $9,043.56 as held by the appealed order. The appealed order is therefore modified to require payment by the husband to the wife of $13,196.76 by $500 monthly payments. In addition to this, as provided by the appealed order, each party must pay the debts created by him or her, viz., the wife is required to pay a debt of $1,010 she owes to J. C. Penney, $2,600 she owes to Montgomery Ward and $627 she owes to the credit union. The husband is required to pay

---

[1] Both parties worked. This was the third marriage by the wife. There are other pertinent factors of record. Considering the entire record, we find no error in the failure to award the wife alimony.

[2] A 99-year lease valued at $12,500.

$2,150 he owes to Sears Roebuck, $1,950 he owes to Master-card, $625 he owes on his Visa card and $1,421 he owes to his credit union.

We address the order of March 9, 1984. In order to do so, we quote from the original divorce decree the following:

The truck and car have been distributed by the parties by tacit agreement, and the court will allow each party to retain the vehicle he or she has and will delete the vehicles from consideration for purposes of equitable distribution.

Subsequent to the divorce decree on November 8, 1983, the wife took possession of the Chevette automobile and the husband took possession of a truck. Sometime later before February 23, 1984, the husband took the Chevette auto-mobile. The husband told the wife that he would assist her with transportation to and from work and also in taking the minor child to and from school. The wife then instituted a contempt proceeding although a notice of intent to appeal had been filed from the divorce decree. At that time the transcript had not been typed, and the appeal had not been perfected.

As to the propriety of the trial court's considering the petition for contempt and the change of custody in the March 9, 1984 order, we hold that this issue is controlled by Rule 41, Rules of Practice in the Supreme Court of South Carolina. This rule provides, *inter alia,* that judgments di-recting the delivery of personal property are not stayed by notice of intention to appeal absent the posting of bond as provided by Section 18-9-150, Code of Laws of South Caro-lina (1976). Supreme Court Rule 41 also exempts stays in appeals from family courts as to child custody matters pur-suant to Section 20-7-2220, Code of Laws of South Carolina (1976) as amended. We therefore entertain the appeal from the order of March 9, 1984.

We hold the trial judge had the authority to find the husband estopped to contest the wife's possession of the car pending appeal. Since there is no evidence of an appeal bond being filed by the husband pursuant to Code

Section 18-9-150,[3] we find no error in the contempt order which provided that the husband might purge himself by delivery of the Chevette automobile. *Pratt v. Pratt,* 280 S. C. 276, 312 S. E. (2d) 577 (Ct. App. 1984); there the husband failed to abide by a court-approved property settlement between the husband and wife; the court held that the wife made out a prima facie case of contempt. The order before us provided a simple method for the husband to purge himself of the contempt; we therefore find no error.

We reverse and remand the award of visitation to the husband because the effect of the order is an award of split custody of a minor child. This state does not favor split custody because it is not in the best interest of the child. *See Courie v. Courie,* 288 S. C. 163, 341 S. E. (2d) 646 (Ct. App. 1986). Accordingly, we reverse and remand for purposes of reevaluating the husband's visitation privileges.

For the reasons stated, we affirm in part, modify in part, reverse in part and remand.

Affirmed in part; modified in part; reversed in part and remanded.

SANDERS, C. J., and BELL, J., concur.

---

[3] This statute, in essence, provides that an order requiring the delivery of personal property will not be stayed unless appellant provides an appeal bond; no appeal was filed in this case.