0958

James William ACREY, Appellant v. Rodney Scott ACREY, Respondent.
(356 S. E. (2d) 437)

Court of Appeals

*Eddie R. Harbin,* of Greenville, *for appellant.*

*Rodney S. Acrey,* of Greer, *pro se.*

Submitted April 13, 1987.

Decided May 11, 1987.

CURETON, Judge:

In this appeal the father, James William Acrey, petitioned

the family court to terminate his obligation to make college tuition payments to his son, Rodney Scott Acrey, pursuant to a prior order of the family court. The court relieved the father of his support obligation for one semester. The father appeals. We affirm.

In an agreement approved by the family court on January 21, 1985, the father agreed to pay the son "Five Hundred Dollars ($500.00) each semester hereafter that the said Rodney Scott Acrey is pursuing a normal fulltime student course load at a college of university and maintaining passing grades. . . ." The court's order directed the father to pay $500.00 "for each semester . . . Rodney . . . is enrolled in college for a normal fulltime student course load and so long as he shall maintain passing grades. . . ." The son was enrolled at the University of South Carolina at Spartanburg for the spring 1985 semester. The son passed nine course hours that semester, but received a failing grade in a three hour course. Twelve course hours equal a full time course of study at the university. The son, twenty years old, had previously completed two semesters of college.

The father petitioned the court in October 1985 to terminate his support obligation, claiming the son had failed to maintain a full time course load and to maintain passing grades. The son admitted the accuracy of the grade report attached to the complaint, but denied the allegations of the complaint and counterclaimed for assistance during his current full time enrollment in the fall 1985 semester.

The court issued its order on January 14, 1986 following a hearing. The court found that the son's failure to pass a full time course of study of twelve hours "relieved the father of his obligation to pay Five Hundred Dollars ($500.00) during the spring semester of 1985. . . ." The court concluded, however, "the son is to be disqualified from support only during that semester during which he did not maintain passing grades while taking at least twelve (12) hours of courses." The court found that the son was currently enrolled in a twelve hour full time course load for which the father had not paid any support. The court concluded that if the son passed these courses he was entitled to support for that semester, and offset the spring 1985 payment against the fall of 1985 nonpayment. The court ordered the father to

resume paying his son $500.00 for each semester "so long as the son is pursuing a normal full time student course load as herein defined and maintaining passing grades." The court denied the father's motion to amend the judgment under S.C.R. Civ. P. 60(a) on the grounds the court failed to consider the father's brief and the holding of *Bearden v. Bearden*, 272 S. C. 378, 252 S. E. (2d) 128 (1979).

On appeal, the father continues to argue that the holding of *Bearden* is controlling in this case, and that since his son has not done acceptable college work, the support obligation should be terminated. We disagree. *Bearden* held that under the circumstances of that case and the language of that agreement, it was demonstrated that the son was not doing acceptable college work. In this case the judge relied on his interpretation of the language of the agreement, which had been incorporated into the court's order and, since unappealed, became binding on the parties. The judge implicitly interpreted the language "each semester hereafter" in the order to indicate a semester by semester determination of whether the son was maintaining a full course load and passing grades and was, therefore, entitled to support.

An order should be construed within the context of the proceeding in which it is rendered. *Dibble v. Sumter Ice & Fuel Company*, 283 S. C. 278, 322 S. E. (2d) 674 (Ct. App. 1984); 56 Am. Jur. (2d) *Motions, Rules, and Orders* Section 29 (1971). In construing any ambiguous language found in a prior order, a court should confine itself to the record upon which the order to be enforced is based. *Drawdy v. Drawdy*, 285 S. C. 159, 328 S. E. (2d) 133 (Ct. App. 1985). In this case neither party presented any evidence surrounding the context of the original order. While it is also true that extrinsic evidence may be used to explain or supplement an ambiguous judgment, no such evidence was presented here. *See Drawdy v. Drawdy, supra.*

The burden is on the appellant to convince this Court the lower court erred. *Duckett v. Payne*, 279 S. C. 94, 302 S. E. (2d) 342 (1983). We find no basis for reversing the trial judge's interpretation of the order. Accordingly, the judgment appealed from is

Affirmed.

GARDNER and SHAW, JJ., concur.