1015

Anne C. RICKS, Appellant v. Shar WEINRAUCH, individually, Shar Weinrauch, d/b/a Shear Paradise and Shear Paradise, LTD., Respondents.

(360 S. E. (2d) 535)

Court of Appeals

*Barry L. Johnson,* of *Law Offices of Barry L. Johnson,* Hilton Head Island, *for appellant.*

*H. Michael Bowers,* of *Young, Clement, Rivers & Tisdale,* Charleston, *for respondents.*

Submitted May 20, 1987.

Decided Aug. 24, 1987.

SHAW, Judge:

This is an appeal by Anne C. Ricks from a circuit court order vacating an entry of default and allowing defendants Shar Weinrauch and Shear Paradise to answer her complaint. We affirm.

On November 21, 1985, Ricks filed a summons and complaint stating causes of action for defamation, invasion of privacy, malicious prosecution, intentional infliction of distress, false arrest and false imprisonment. She served the defendants on December 2, 1985. They filed no responsive pleadings. On January 8, 1986, Ricks moved for an order of judgment by default pursuant to Rule 55(b)(1) S.C.R. Civ. P. The clerk of court entered default on January 9, 1986. On January 10, 1986, Judge Howell found that a hearing was necessary in this matter because the actual damages were unliquidated. Before the hearing was held, the defendants motioned the court to set aside the default judgment and determine whether the defendants should be allowed to answer. After arguments of counsel, the trial judge determined the defendants had shown good cause for not appearing in time, found this would not prejudice Ricks and determined the defendants had a meritorious defense. He then vacated the entry of default.

The issues to be decided are whether the trial judge erred in applying Rule 55(c) rather than Rule 60(b) S.C.R. Civ. P. and what rights exist for defaulting defendants under the South Carolina Rules of Civil Procedure.

A hearing was held April 3, 1986. Mrs. Weinrauch admitted receiving the summons and complaint on December 2, 1985. Testimony revealed she called her attorney and he advised her to contact her insurance company. She then contacted her insurance agent by phone and, pursuant to that conversation, hand delivered a copy of the summons and complaint to the agent along with a letter dated December 12, 1985, requesting delivery of the papers to the carrier. Mrs. Weinrauch left for a holiday vacation and, upon her return around December 29, 1985, discovered problems with her insurance agent. Because of the closure and bankruptcy of her insurance agent, delivery of her suit papers to the carrier apparently never occurred. Mrs. Weinrauch immediately contacted her attorney and was advised to gather all the information she could. During the busy holiday season she had placed the suit papers in the trunk of her car and left them there while her car was being serviced. Not having easy access to her car, the thirty day time limitation to answer ran before Mrs. Weinrauch was able to

get the papers to her attorney. On January 21, 1986, eleven days after the entry of default, Mrs. Weinrauch served a Notice of Motion and Motion to Open Default.

Mrs. Ricks contends the trial judge erred in applying Rule 55(c) S.C.R. Civ. P. which is the standard used for vacating an entry of default. She argues the judge should have used the standard for vacating a default judgment under Rule 60(b) S.C.R. Civ. P. We disagree.

According to Rule 55(b)(1) S.C.R. Civ. P. "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages ... the court may conduct such hearings or order such references as it deems necessary and proper...." This language indicates a court is unable to enter judgment until damages are determined. The entry of default is an official recognition of the failure to appear or otherwise respond, but is not a judgment by default. See H. Lightsey, J. Flanagan, *South Carolina Civil Procedure*, 77 (2nd Ed. 1985).

The standard for granting relief from an entry of default is good cause under Rule 55(c) S.C.R. Civ. P., while the standard is more rigorous for granting relief from a default judgment under Rule 60(b) S.C.R. Civ. P. Relief granted at the point of entry of default is within the equitable power of the court and excuses previous failure to act promptly. *Id.* at 82. The trial judge correctly applied Rule 55(c) and the good cause standard.

Mrs. Ricks next argues the trial judge abused his discretion in finding Mrs. Weinrauch made a sufficient showing of good cause.

The courts of this state have consistently held relief from default is solely within the sound discretion of the trial judge. *Ammons v. Hood*, 288 S. C. 278, 341 S. E. (2d) 816 (Ct. App. 1986). The court cannot substitute its judgment for that of the trial judge and will not disturb the trial court's decision absent a clear showing of abuse of discretion. *Id.* 341 S. E. (2d) at 818. Further, this court held in the case of *Mann v. Walker*, 285 S. C. 194, 328 S. E. (2d) 659 (Ct. App. 1985) under the earlier statutory provisions for default judgment pursuant to Section 15-27-130 of the 1976 Code of Laws of South Carolina, this section is liberally construed to see

that justice is promoted and to strive for disposition of cases on their merits. Finally, this element of discretion given to the trial judge makes it clear the party requesting a judgment by default is not entitled to one as of right, even when the defendant is technically in default. 10 C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure*, § 2685.

An abuse of discretion in setting aside a default judgment arises when the judge issuing the order was controlled by some error of law or when the order, based upon factual, as distinguished from legal conclusions, is without evidentiary support. *Boland v. S. C. Public Service Authority*, 281 S. C. 293, 315 S. E. (2d) 143 (Ct. App. 1984).

The trial judge was not controlled by any error of law as he properly applied the standard of good cause set out in Rule 55(c) S.C.R. Civ. P. Neither was his finding of good cause on the part of Mrs. Weinrauch without evidentiary support. In the Georgia case of *Sears, Roebuck & Company v. Ramey*, 170 Ga. App. 873, 318 S. E. (2d) 740 (1984), the Court of Appeals held where there was good cause for the defendant to believe the suit was being defended by an insurance company, neglect in following the progress of the case was excusable neglect. That court noted the following: "The law should not blindly impose standards which require individuals, in the conduct of their daily business, to distrust the parties with whom they deal. Likewise, a litigant should not unnecessarily be forced into default as a consequence of having reasonably relied upon the word of his fellow, particularly when no innocent party will suffer if the default is opened."

It is clear from the record Mrs. Weinrauch acted reasonably by contacting her attorney and her insurance agent and, again, contacting her attorney upon discovering problems with her insurance agent. While leaving the suit papers in the trunk of her car would not, alone, meet the requisite showing for good cause, we hold all of the factors considered together are sufficient for such a showing. Therefore, we find no abuse of discretion and hold the trial court properly vacated the entry of default.

Affirmed.

GARDNER and CURETON, JJ., concur.