532 S.E.2d 299

Angela W. **HATCHELL–FREEMAN**, Respondent,

v.

Gilbert **FREEMAN**, Appellant.

Gilbert Freeman, Appellant,

v.

Angela W. Hatchell–Freeman, Respondent.

No. 3174.

Court of Appeals of South Carolina.

Submitted April 10, 2000.

Decided May 22, 2000.

Daniel B. Causey, III, of Darlington, for appellant.

A LaFon Legette, Jr., of Latta, for respondent.

HEARN, Chief Judge:

Gilbert Freeman appeals an order appointing the estranged wife of his deceased son the personal representative of the son's estate and awarding her an intestate share. We affirm.

## FACTS

On June 21, 1996, Angela Hatchell–Freeman initiated an action in family court seeking a divorce from the decedent. The final hearing granting the divorce was held September 27, 1996.

The decedent died intestate on October 7, 1996. Three days later, on October 10, 1996, the family court signed the order granting the divorce, and the order was filed the next day.

On December 18, 1996, the decedent's father, Gilbert Freeman, filed a petition seeking appointment as personal representative of the decedent's estate. He did not list Hatchell–Freeman as an intestate heir of the estate or as a person having a prior or equal right of appointment. The probate court granted his petition for appointment on December 27, 1996.

On January 22, 1997, Hatchell–Freeman filed her notice of election by a surviving spouse to take her intestate share [1] as well as a petition for appointment as personal representative of the estate.

After a hearing on Hatchell–Freeman's petitions, the probate court held that because the decedent died three days before the signing of the divorce decree, Hatchell–Freeman and the decedent were still married at his death and she was therefore entitled to her share of decedent's estate. It found her petition for appointment was effectively seeking removal of Freeman as personal representative. Because the court found that Hatchell–Freeman had adequate time to file her petition before it appointed Freeman personal representative, it denied Hatchell–Freeman's petition for appointment.

Both parties appealed to the circuit court. The circuit court held Hatchell–Freeman was the wife of the decedent at the time of his death and that she should not be estopped from claiming the relationship of husband and wife. The circuit court affirmed the probate court's decision regarding Hatch-

---

1. Hatchell–Freeman originally filed a petition for election by a surviving spouse to take an elective share, and the probate and circuit court orders refer to Hatchell–Freeman's share in the decedent's estate as a "spousal elective share;" however, the decedent actually died intestate and thus Hatchell–Freeman inherits from the decedent's estate under the order of intestate descent and devise.

ell–Freeman's entitlement to her elective share. Finally, it found that as the decedent's wife, Hatchell–Freeman had a superior right to serve as personal representative of the estate. Accordingly, it removed Freeman as personal representative and appointed Hatchell–Freeman. Freeman appeals.

## DISCUSSION

Freeman asserts Hatchell–Freeman is estopped from denying the validity of the divorce decree. We disagree.

The probate code provides that in determining whether a person is a surviving spouse, a divorce or annulment is not final until signed by the court and filed in the office of the clerk of court. S.C.Code Ann. § 62–2–802(c) (1987). In addition, the supreme court has held "that an action for divorce, being purely personal, terminates on the death of either spouse, and where the action for divorce is commenced, and one of the parties dies thereafter but before the entry of a final decree, the action abates and the jurisdiction of the court to proceed with the action is terminated." *Louthian and Merritt, P.A. v. Davis,* 272 S.C. 330, 332, 251 S.E.2d 757, 758 (1979).

Freeman relies on the rule that a spouse who procures a divorce decree by a court lacking jurisdiction is estopped from collaterally attacking the decree where only property rights arising out of the marriage are involved. *See* 24 Am.Jur.2d *Divorce and Separation* § 467 (1998). The supreme court recognized this rule in *Ex parte Nimmer,* 212 S.C. 311, 320, 47 S.E.2d 716, 719 (1948). Generally, the cases following this rule involve estoppel of the party who obtained a foreign divorce decree from challenging the validity based on personal jurisdiction. *See* Annotation, *Estoppel to Assert Invalidity of Decree of Divorce for Lack of Domicile at the Divorce Forum or Failure to Obtain Jurisdiction of Person,* 153 A.L.R. 941 (1944). However, we do not find that principle analogous to the facts here. Hatchell–Freeman did not choose a court that lacked jurisdiction when she sought a divorce from the decedent; rather the intervening death of the decedent deprived the family court of jurisdiction. Therefore, we decline to find Hatchell–Freeman estopped from challenging the validity of

the divorce decree, signed after the death of her husband, simply because she initiated the divorce action and her attorney filed the final order.

■ Freeman also argues the circuit court erred in removing him from serving as the personal representative of the estate. We disagree.

Freeman correctly asserts Hatchell–Freeman did not file a petition seeking his removal or establish grounds for removal to the circuit court. Instead, she filed her own petition for appointment. The probate code provides for objection to an appointment in formal proceedings. *See* S.C.Code Ann. § 62–3–203(b) (Supp.1999) (providing objection to appointment can be made only in formal proceedings). Although the probate court termed the proceeding an action for removal, it was in fact a contest of the parties' petitions for appointment. Therefore, the circuit court could review both petitions to determine which party had priority for appointment according to S.C.Code Ann. § 62–3–203(a) (Supp.1999).

According to the probate code, the surviving spouse has priority for appointment as personal representative for intestacy proceedings. S.C.Code Ann. § 62–3–203(a)(4) (Supp. 1999).[2] As the surviving spouse, Hatchell–Freeman had prior-

---

2. The probate code provides for priority for appointment in the following order:

(1) the person with priority as determined by a probated will including a person nominated by a power conferred in a will;

(2) the surviving spouse of the decedent who is a devisee of the decedent;

(3) other devisees of the decedent;

(4) the surviving spouse of the decedent;

(5) other heirs of the decedent regardless of whether the decedent died intestate and determined as if the decedent died intestate (for the purposes of determining priority under this item, any heirs who could have qualified under items (1), (2), (3), and (4) of subsection (a) are treated as having predeceased the decedent);

(6) forty-five days after the death of the decedent, any creditor;

(7) four months after the death of the decedent, upon application by the South Carolina Department of Revenue, a person suitable to the court.

(8) Unless a contrary intent is expressed in the decedent's will, a person with priority under subsection (a) may nominate another, who shall have the same priority as the person making the nomination, except that a person nominated by the testator to serve as personal

ity for appointment over Freeman, who is not entitled to priority on any basis provided in the code.[3]   Accordingly, we find the circuit court did not err in appointing Hatchell–Freeman personal representative of the estate.

**AFFIRMED.**

STILWELL, J., and MOREHEAD, Acting Judge, concurring.

---

representative or successor personal representative shall have a higher priority than a person nominated pursuant to this item.
S.C.Code Ann. § 62–3–203(a) (Supp.1999).

3.  Freeman was never a duly appointed personal representative because he failed to give notice to Hatchell–Freeman as an intestate heir of the estate or as a person having a prior or equal right of appointment under S.C.Code Ann. § 62–3–301(a)(1)(ii) (Supp.1999); nor does Freeman claim to be a creditor of the estate, and is, therefore, not entitled to priority under S.C.Code Ann. § 62–3–203(a)(6) (Supp.1999).