**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John Deere Financial, f.s.b., f/k/a FPC Financial, f.s.b., Plaintiff,

v.

Jerry A. Bruce, Defendant,

and

Jerry A. Bruce, Third-Party Plaintiff,

Of Whom Jerry A. Bruce is the Respondent,

v.

Flint Equipment Co., Appellant.

Appellate Case No. 2013-002435

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2016-UP-183
Heard September 10, 2015 – Filed April 20, 2016

**REVERSED, VACATED, AND REMANDED**

Casper Fredric Marcinak, III, and Kristen Lacombe

Nowacki, both of Smith Moore Leatherwood, LLP, of Greenville, for Appellant.

Oscar W. Bannister, of Bannister, Wyatt & Stalvey, LLC, of Greenville, for Respondent.

---

**PER CURIAM:** Flint Equipment Company (Flint) appeals the orders of the trial court denying its motion to set aside a default and awarding damages to third-party plaintiff Jerry A. Bruce. We reverse, vacate the damages award, and remand.

We agree with Flint's argument the trial court erred by reviewing its motion to set aside the entry of default under the more stringent standard of Rule 60(b), SCRCP, the relief from default judgment rule. *See* Rule 55(a), SCRCP ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default upon the calendar (file book)."); Rule 55(b)(2), SCRCP (providing after a party applies for a default judgment in a case not involving liquidated damages, "[i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages . . . the court may conduct such hearing or order such references as it deems necessary and proper"); *Ricks v. Weinrauch*, 293 S.C. 372, 374, 360 S.E.2d 535, 536 (Ct. App. 1987) (stating the language of Rule 55(b), SCRCP, "indicates a court is unable to enter judgment until damages are determined," and "[t]he entry of default is an official recognition of the failure to appear or otherwise respond, but is not a judgment by default"); *Sundown Operating Co., Inc. v. Intedge Indus., Inc.*, 383 S.C. 601, 607, 681 S.E.2d 885, 888 (2009) ("[T]he standard for granting relief under Rule 60(b) is more rigorous than under Rule 55(c), [SCRCP,] and . . . an entry of default may be set aside for reasons that would be insufficient to relieve a party from a default judgment."); *id.* (recognizing the standard for granting relief from an entry of default under Rule 55(c) is mere "good cause," and "[t]his standard requires a party seeking relief from an entry of default under Rule 55(c) to provide an explanation for the default and give reasons why vacation of the default entry would serve the interests of justice"); *id.* at 608, 681 S.E.2d at 888 ("Rule 60(b) requires a more particularized showing of mistake, inadvertence, excusable neglect, surprise, newly discovered evidence, fraud, misrepresentation, or 'other misconduct of an adverse party.'"); *id.* at 608, 681 S.E.2d at 888-89 ("The different standards under the two rules underscore the clear intent to make it more difficult for a party to avoid a default

once the court has entered a judgment, which carries greater finality, and often occurs later than, a clerk's entry of default.").

As Bruce was only seeking an entry of default—and more importantly—the trial court did not award damages but set a damages hearing for the future, we find the May 30 order was for an entry of default and not a default judgment. *See Acrey v. Acrey*, 292 S.C. 387, 389, 356 S.E.2d 437, 438 (Ct. App. 1987) ("An order should be construed within the context of the proceeding in which it is rendered."); *Petition of White*, 299 S.C. 406, 412, 385 S.E.2d 211, 215 (Ct. App. 1989) ("As a general rule, judgments are to be construed like other written instruments. The determinative factor is the intent of the parties or the court, as gathered, not from an isolated part of the contract or judgment but from all its parts. Hence, in construing a contract or a judgment, it should be examined and considered in its entirety; if the language employed is plain and unambiguous, there is no room for construction or interpretation and the effect thereof must be declared in the light of the literal meaning of the language used.").

Accordingly, the trial court erred in applying the more stringent standard of Rule 60(b) in considering Flint's motion for relief.[1] We therefore reverse the trial court's order denying relief, vacate the order awarding damages, and remand.

**REVERSED, VACATED, AND REMANDED.**

**HUFF, A.C.J., and WILLIAMS and THOMAS, JJ., concur.**

---

[1] We find no merit to Bruce's argument that Flint's position requiring an award of damages in a default judgment creates a disparity in how relief from default is obtained between claims for liquidated damages and claims for unliquidated damages. The difference in default judgments for liquidated and unliquidated damages is the need for a hearing to determine unliquidated damages, while no such hearing may be needed for liquidated damages. An award of damages is still necessary for a judgment in either situation.