**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

St. Stephen Family Dentistry, LLC, Respondent,

v.

Linda Gregg and Douglas Allen Kaufman, Appellants.

Appellate Case No. 2013-002798

———————————

Appeal From Berkeley County
R. Markley Dennis, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-254
Heard April 13, 2016 – Filed June 8, 2016

———————————

**AFFIRMED**

———————————

William E. Hopkins, Jr., of Hopkins Law Firm, LLC, of Pawleys Island, for Appellants.

Jack D. Cordray, of Cordray Law Firm, George J. Kefalos, of George J. Kefalos, P.A., and Oana Dobrescu Johnson, of Janik, LLP, all of Charleston, for Respondent.

———————————

**PER CURIAM:** Linda Gregg and Douglas Allen Kaufman appeal the circuit court's order awarding actual and punitive damages to St. Stephen Family

Dentistry, LLC from Gregg and Kaufman, jointly and severally.  Kaufman contends the record contains no evidentiary support for an award of damages against him. Further, Kaufman and Gregg assert the damages award was excessive. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether or not the record contains evidentiary support for an award of damages against Kaufman:  *Ammons v. Hood*, 288 S.C. 278, 282, 341 S.E.2d 816, 818 (Ct. App. 1986) ("In a default action, the default judgment settles the issue of liability."); *Solley v. Navy Fed. Credit Union, Inc.*, 397 S.C. 192, 203, 723 S.E.2d 597, 603 (Ct. App. 2012) (holding while a defaulting defendant has conceded liability, he "does not concede the [a]mount of liability" (alteration by court) (quoting *Howard v. Holiday Inns, Inc.*, 271 S.C. 238, 242, 246 S.E.2d 880, 882 (1978))); *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) (holding in order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge); *Bardoon Props., NV v. Eidolon Corp.*, 326 S.C. 166, 170-71, 485 S.E.2d 371, 373-74 (1997) (holding because a defendant had not raised the issue of whether he was a real party in interest prior to the entry of default, the argument was waived).

2.      As to whether or not the damages were excessive or speculative:  *Austin v. Specialty Transp. Servs., Inc.*, 358 S.C. 298, 310, 594 S.E.2d 867, 873 (Ct. App. 2004) ("The trial judge has considerable discretion regarding the amount of damages, both actual or punitive."); *id.* at 311, 594 S.E.2d at 873 (holding the court's review is "limited to the correction of errors of law.  Our task in reviewing a damages award is not to weigh the evidence, but to determine if there is any evidence to support the damages award." (citations omitted)); *Vortex Sports & Entm't, Inc. v. Ware*, 378 S.C. 197, 208, 662 S.E.2d 444, 450 (Ct. App. 2008) ("When the tortious conduct of a defendant causes a plaintiff to lose prospective profits, the plaintiff may recover such profits when he can prove: (1) it is reasonably certain that such profits would have been realized except for the tort; and (2) such lost profits can be ascertained and measured from the evidence produced with reasonable certainty."); *id.* at 208, 662 S.E.2d at 450-51 ("[T]he law does not require absolute certainty of lost profits but only reasonable certainty that the damages are not purely speculative and there exists a fairly accurate method to estimate the lost profits."); *Petty v. Wyerhaeuser Co.*, 288 S.C. 349, 356, 342 S.E.2d 611, 616 (Ct. App. 1986) ("Where the wrongful act of the defendant is of such a nature as to prevent determination of the exact amount of damages, the defendant is not allowed to insist on absolute certainty, but only that the evidence

show the lost profits by reasonable inference." (quoting 22 Am. Jur. 2d *Damages* § 177 (1965))).

**AFFIRMED.**

**HUFF, A.C.J., and KONDUROS and GEATHERS, JJ., concur.**