**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Hope Dukes and Nicole Dukes, Appellants,

v.

Redfin Corporation, Christine LeFont, Rodolfo A. Pisigan Jr., Portio O. Pisigan, Jeremy Pisigan, and Cherry C. Pisigan, Defendants,

of which Redfin Corporation is the Respondent.

Appellate Case No. 2023-000567

———————

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-159
Submitted April 1, 2025 – Filed May 7, 2025

———————

**AFFIRMED**

———————

Hope Dukes and Nicole Dukes, of Bloomfield, New Jersey, pro se.

Cheryl D. Shoun and Rhett Douglas Ricard, both of Maynard Nexsen, PC, of Charleston, for Respondent.

———————

**PER CURIAM:** Hope and Nicole Dukes (Appellants) appeal a circuit court order denying their motion for default judgment against Redfin Corporation (Redfin) and a circuit court order denying their motion for reconsideration. On appeal, Appellants argue the circuit court erred when it (1) denied their motion for entry of default and default judgment for $22,635.42, (2) relied on the law as recited by Redfin, (3) allowed Redfin to raise arguments that were not included in its return to Appellants' motion during the hearing on Appellants' motion for entry of default and default judgment, and (4) allowed Redfin to prepare the final order. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the circuit court did not abuse its discretion when it denied Appellants' motion after it found service could not have been made on Redfin through certified mail and there was no authority to support Appellants' argument that Rule 6(e) of the South Carolina Rules of Civil Procedure did not provide Redfin with five additional days to answer a complaint delivered through certified mail. *See BB & T v. Taylor*, 369 S.C. 548, 551, 633 S.E.2d 501, 502 (2006) ("Whether to grant or deny a motion under Rule 60(b) lies within the sound discretion of the [court]."); *id.* at 551, 633 S.E.2d at 503 ("An abuse of discretion arises where the [court] issuing the order was controlled by an error of law or where the order is based on factual conclusions that are without evidentiary support."); *cf. Ricks v. Weinrauch*, 293 S.C. 372, 375, 360 S.E.2d 535, 536 (Ct. App. 1987) ("[T]his element of discretion given to the trial [court] makes it clear the party requesting a judgment by default is not entitled to one as of right, even when the defendant is technically in default."). Appellants sent Redfin a copy of their summons and complaint through certified mail on July 14, 2022, and an individual with the initials "MB" signed the return receipt on July 16, 2022. Appellants moved for entry of default and default judgment on August 16, 2022, alleging Redfin had not timely filed its answer. Redfin filed its return on August 19, 2022. Although Redfin stated in its return it received service through mail, Redfin later submitted an affidavit from an employee who affirmed Redfin was not open for business on the day the complaint was delivered and no employee, authorized agent, or representative of Redfin had the initials "MB." In addition, the "Certified Mail Restricted Delivery" box on the return receipt was not checked. Thus, there is evidentiary support for the circuit court's finding that service could not have been made through certified mail. *See* Rule 4(d)(8), SCRCP ("Service of a summons and complaint upon [corporations and partnerships] may be made . . . by registered or certified mail, return receipt requested and delivery restricted to the addressee."); *cf. id.* ("Any such default or judgment by default shall be set aside pursuant to Rule 55(c) or Rule 60(b) if the defendant demonstrates to the court that the return receipt was signed by an unauthorized person."). Further, the circuit

court did not commit an error of law when it found Rule 6(e) provided Redfin an additional five days to respond to the complaint as it comports with the rule. *See* Rule 6(e), SCRCP ("Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail or upon a person designated by statute to accept service, five days shall be added to the prescribed period."). Accordingly, we hold the circuit court did not abuse its discretion when it refused to grant Appellants' motion.

2. We hold Appellants' argument that the circuit court erred when it relied on Redfin's recitation of Rule 6(e) is not properly before this court on appeal because Appellants did not include authority to support their argument in their brief. *See Equivest Fin., LLC v. Ravenel*, 422 S.C. 499, 506, 812 S.E.2d 438, 441 (Ct. App. 2018) ("When a party provides no legal authority regarding a particular argument, the argument is abandoned and the court will not address the merits of the issue."); Rule 208(b)(1)(E), SCACR (stating "the particular issue to be addressed" in appellant's brief shall be "followed by discussion and citations of authority").

3. We hold Appellants' argument that the circuit court erred when it allowed Redfin to argue Appellants did not serve the complaint with restricted delivery is not preserved for appellate review because Appellants did not object when Redfin told the circuit court default was not appropriate for this reason. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."). The circuit court also did not err when it allowed Redfin to argue that service had not been completed, after it had previously stated in its return that it had received the complaint, because Redfin was allowed to present this argument in a supplemental memorandum with a recently obtained affidavit in support of this argument. *See* Rule 15(d), SCRCP ("Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented, whether or not the original pleading is defective in its statement of a cause of action or defense.").

4. We hold Appellants' argument that the circuit court erred when it allowed Redfin to prepare the final order is not preserved for appellate review because Appellants did not object when the circuit court requested Redfin prepare the order. *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("[A]n issue cannot be

raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.").

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.