528 S.E.2d 80

**Sheila GRAHAM, Appellant,**

v.

**DORCHESTER COUNTY SCHOOL DISTRICT and South Carolina Department of Education, Respondents.**

**No. 3110.**

Court of Appeals of South Carolina.

Submitted Dec. 7, 1999.

Decided Feb. 7, 2000.

Rehearing Denied May 13, 2000.

122

Robin L. Hitchcock, of Hitchcock & Potts, of Charleston, for Appellant.

James A. Stuckey and Alexia Pittas–Giroux, both of Stuckey Law Offices, of Charleston, for Respondents.

CONNOR, Judge:

The issue in this action is whether Rule 40(j), SCRCP, should be applied retroactively to cases pending at the time of its enactment. The trial court found the rule was applicable. We affirm.

## FACTS

Sheila Graham was allegedly struck by a Dorchester County school bus. In October of 1991, she filed suit against the Dorchester County School District. The complaint was later amended to add the South Carolina Department of Education as a defendant.

On April 30, 1993, the trial court struck the case from the trial roster with leave to restore, pursuant to former Rule 40(c)(3), SCRCP. However, effective January 1, 1995, Rule 40(c)(3) was amended and replaced by Rule 40(j), SCRCP, which provided a new procedure for dismissing and restoring cases.

An "Order to Restore," dated April 30, 1998, placed Graham's case back on the active roster. The School District moved to dismiss the case with prejudice, alleging the case had not been restored "within 1 year of the date stricken" as required by Rule 40(j).

The trial judge dismissed Graham's case with prejudice. He concluded, as a rule of civil procedure, Rule 40(j) should be given retroactive application to cases pending at the time of its enactment. The court observed that Rule 40(j), which became effective on January 1, 1995, required that a party make a motion to restore a case within a year after it had been stricken. The court then held: "Giving the plaintiff the benefit of all doubt the motion to restore should have been noticed at least 10 days prior to January 1, 1996." It concluded Graham's motion to restore, made more than two years after the time allowed by Rule 40(j), was not a timely restoration.

## LAW/ANALYSIS

Prior to its amendment, former Rule 40(c)(3), SCRCP, provided as follows:

> (3) **Actions Called for Trial.** When an action is reached on the trial roster and is called for trial, it shall not be continued by consent, and if counsel are not ready to go forward the court shall strike the action from the calendar (file book) with leave to restore, unless continuance is granted for good cause shown. If the case is restored after being stricken, it shall be placed at the foot of the calendar (file book) and a new case number assigned.

Rule 40(c)(3), SCRCP (amended Jan. 1, 1995).

Rule 40(j), SCRCP, effective January 1, 1995, substantially revised the former rule, and now provides:

> (j) **Case Stricken From Docket by Agreement.** *A party may strike its complaint,* counterclaim, cross-claim or third party claim from any docket one time as a matter of right, *provided that all parties adverse to that claim,* counterclaim, cross-claim or third party claim *agree in writing that it may be stricken, and all further agree that if the claim is restored upon motion made within 1 year of the date stricken, the statute of limitations shall be tolled as to all consenting parties during the time the case is stricken,* and any unexpired portion of the statute of limitations on the date the case was stricken shall remain and begin to run on the date that the claim is restored. *A party moving to restore* a case stricken from the docket *shall provide all parties notice of the motion to restore at least 10 days before it is heard.* Upon being restored, the case shall be

placed on the General Docket and proceed from that date as provided in this rule.

Rule 40(j), SCRCP (emphasis added).

In cases dealing with statutory law changes, courts have discussed the general rules of prospective and retroactive application. By analogy, those same principles can be applied to determine whether an amended procedural rule should have prospective or retroactive effect. *See generally Valentine v. Davis*, 319 S.C. 169, 173, 460 S.E.2d 218, 220 (Ct.App.1995) ("[T]he rules of procedure, like statutes, should be given their plain meaning.").

Our Supreme Court has held that statutes are presumed to be entitled to prospective construction unless there is an express provision or a clear legislative intent to the contrary. *Hercules Inc. v. South Carolina Tax Comm'n*, 274 S.C. 137, 262 S.E.2d 45 (1980) (holding a statute which has the effect of tolling a statute of limitations affects the remedy and not the right and is therefore subject to retroactive application). A principal exception is remedial or procedural statutes are generally held to operate retrospectively. *Id.; see Jenkins v. Meares*, 302 S.C. 142, 146, 394 S.E.2d 317, 319 (1990) ("Our decisions recognize a presumption that statutory enactments are to be given prospective rather than retroactive effect. An exception to this presumption arises when the enactment is remedial or procedural in nature, such as a statute of limitations.").

The South Carolina Rules of Civil Procedure provide that the rules, which initially took effect on July 1, 1985, would "govern all proceedings in civil actions brought after they take effect." Rule 86(a), SCRCP. Moreover, the rules also govern "all further proceedings in actions then pending" unless to do so "would not be feasible or would work injustice." *Id.; see McGann v. Mungo*, 287 S.C. 561, 340 S.E.2d 154 (Ct.App.1986) (holding the new rules of civil procedure apply to all further proceedings in pending actions); James F. Flanagan, *South Carolina Civil Procedure* 583 (2d ed. 1996) ("Rule 86(a) made these rules applicable to cases then pending at the time of [sic] rules were adopted. A similar result follows when new civil rules are promulgated.").

Graham originally filed her case in 1991. It was stricken from the trial roster in 1993. She did not move to restore it

until five years later. By then, Rule 40(j) had been in effect for over three years. Rule 40(j) required motions to restore be made within one year of the case being stricken to take advantage of the tolling of the statute of limitations.[1] In Graham's case, the one year period should have begun to run upon the adoption of Rule 40(j). Therefore, the motion to restore should have been filed at least 10 days prior to January 1, 1996.

The one year period provided for in Rule 40(j) constituted a reasonable time for Graham to move to restore her case to the active roster. The retroactive application of this procedural rule, did not deprive Graham of an opportunity to proceed with her case. Retroactive application of Rule 40(j) is "feasible" and will not "work injustice" given the circumstances of this case. *See* Rule 86(a), SCRCP.

## CONCLUSION

For the foregoing reasons, the decision of the trial court dismissing Graham's action with prejudice for failure to timely move to restore her case is

**AFFIRMED.**

ANDERSON and STILWELL, JJ., concur.

---

1. Because the statute of limitations clearly expired on Graham's cause of action, the tolling aspect of Rule 40(j) is not an issue in this case.