567 S.E.2d 496

**ReDonna MAXWELL and George Maxwell, Appellants,**

v.

**Beverly M. GENEZ and John Doe, Respondents.**

**No. 3511.**

Court of Appeals of South Carolina.

Heard April 10, 2002.

Decided June 3, 2002.

Rehearing Denied Aug. 23, 2002.

Jeffrey Scott Weathers, of Peagler & Weathers, of Moncks Corner, for appellants.

Charles H. Gibbs, Jr., of Haynsworth, Sinkler, & Boyd, of Charleston, for respondent Beverly M. Genez.

Max G. Mahaffee, of Grimball & Cabaniss, of Charleston, for respondent Joe Doe.

ANDERSON, J.

ReDonna Maxwell and her husband appeal from an order of the Circuit Court denying their motion to restore their case to the Circuit Court docket. We reverse and remand.

## FACTS/PROCEDURAL HISTORY

On March 17, 1995, ReDonna Maxwell was involved in an automobile accident with Beverly Genez and John Doe. In April 1997, Maxwell and her husband filed a complaint against Genez asserting various causes of action against her arising from the accident. In February 1998, the complaint was amended to include defendant Doe. Pursuant to Rule 40(j), SCRCP, the Maxwells moved to strike the matter from the docket to allow for further discovery and additional time to fully develop the issues of the case. On April 12, 1999, the Honorable A. Victor Rawl signed an order granting the motion to strike the matter, which provided:

> If the claim is restored upon motion made within one (1) year of the date stricken, the statute of limitations shall be tolled as to all parties during the time the case is stricken, and any unexpired portion of the statute of limitations on the date the case was stricken shall remain and begin to run on the date that the claim is restored. Upon motion to restore this case, the moving party shall provide all parties with notice of the motion to restore at least (10) days before

it is heard. Upon being restored, this case shall be placed on the General Docket and proceed from that date as provided in Rule 40, SCRCP.

Following issuance of this order, the parties engaged in limited discovery and correspondence regarding ReDonna Maxwell's medical records and injuries. The Maxwells, however, did not file a motion to restore the case until May 1, 2000, more than a year from the date the case was stricken. On May 15, 2000, the Maxwells filed a "Notice of Motion and Motion for Enlargement of Time" pursuant to Rule 6(b), SCRCP. In a supporting memorandum, the Maxwells argued Rule 6(b) authorized the Circuit Court to extend the time to restore a case to the roster for *"good cause,"* which the Maxwells maintained existed. The Maxwells' counsel submitted an affidavit stating that because of changes in paralegals in her office, the due date of April 12, 2000, for the motion to restore was not calendared and that she filed a motion to restore immediately after discovering the omission by her staff.

Additionally, the Maxwells argued the defendants waived the defense of the statute of limitations and were estopped from opposing the motion to enlarge and restore because the defendants' conduct induced them to believe that the motion to restore was merely an "administrative/procedural step" to facilitate the parties' intention to continue the case until trial.

The presiding circuit judge, the Honorable R. Markley Dennis, Jr., denied the Maxwells' motion, finding the Maxwells failed to move to restore the case within the one-year period as provided by Rule 40(j). Judge Dennis further found he did not have the authority or discretion to enlarge the period of time for filing because "it is the long-standing rule in this State that a Circuit Judge cannot modify or reverse an order of another Circuit Judge." As a result of Judge Dennis' ruling, the applicable statute of limitations for this action was not tolled.

## *LAW/ANALYSIS*

### I. Rule 6(b)/Rule 40(j)

The Maxwells contend Rule 6(b) allows the Circuit Court to enlarge the time to file a motion to restore beyond the one

year limitation of Rule 40(j) for "good cause," and that they established "good cause" for their failure to timely file a motion to restore.

Rule 6(b), SCRCP states:

When by these rules or by notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the time may be extended by written agreement of counsel for an additional period not exceeding the original time provided in these rules, or the court for cause shown may at any time in its discretion (1) with or without written motion or notice order the period enlarged if request therefor is made before the expiration of the period as originally prescribed or extended or (2) *upon motion made after the expiration of the specified period, for good cause shown, permit the act to be done.* The time for taking any action under rules 50(b), 52(b), 59, and 60(b) may not be extended except to the extent and under the conditions stated in them. The time for filing notice of intent to appeal is jurisdictional and may not be extended by consent or order.

(emphasis added).

■ "In interpreting the language of a court rule, we apply the same rules of construction used in interpreting statutes. Therefore, the words of [the rule] must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the rule." *State v. Brown,* 344 S.C. 302, 307, 543 S.E.2d 568, 571 (Ct.App.2001) (quoting *Green v. Lewis Truck Lines, Inc.,* 314 S.C. 303, 304, 443 S.E.2d 906, 907 (1994)).

■ Although there is no specific case in South Carolina addressing the applicability of Rule 6(b) to a Rule 40(j) situation, this Court has ruled that Rule 6(b) does apply in situations pertaining to extensions of time for answering a complaint. *Beckham v. Durant,* 300 S.C. 329, 387 S.E.2d 701 (Ct.App.1989). Rule 6(b) authorizes the court to enlarge the period of time in which an act is required to be performed under the rules of civil procedure for "good cause." Rules 50(b), 52(b), 59, and 60(b) are specified exceptions listed in Rule 6(b). Rule 40(j) is not included in that list. Therefore under the plain and ordinary meaning of Rule 6(b), the Circuit

Court has the discretion to enlarge the period of time for filing a motion to restore beyond one year and to toll the statute of limitations.

## II. "Good Cause"

We agree with the Maxwells that Rule 6(b) is applicable to motions filed pursuant to Rule 40(j). The appellants assert that "good cause" is shown as to justify the restoration of their case to the docket. The official notes to Rule 6(b) state that the "good cause" standard for enlargement is the same standard applied in setting aside an entry of default pursuant to Rule 55(c), SCRCP. The seminal case articulating the application of "good cause" under Rule 55(c) to a factual scenario is *Wham v. Shearson Lehman Brothers, Inc.,* 298 S.C. 462, 381 S.E.2d 499 (Ct.App.1989). *Wham* provides:

> Under S.C.R.Civ.P. 55(c), as under F.R.CIV.P. 55(c), the standard for granting relief from an entry of default is "good cause." The decision of whether to grant relief from an entry of default is solely within the sound discretion of the trial court. An order based on an exercise of that discretion, however, will be set aside if it is controlled by some error of law or lacks evidentiary support.
>
> . . . .
>
> In deciding the question of whether to grant the motion by Shearson Lehman for relief from the entry of default, the master did not employ the "good cause" standard. Instead, the master erroneously applied the more rigorous standard of "excusable neglect," a standard used under Rule 60(b). He did this even though he recognized the "good cause" standard was applicable.
>
> We therefore remand for redetermination by the master the issue of whether Shearson Lehman should be relieved from the entry of default. In determining this issue, the master, exercising a broader, more liberal discretion than he otherwise would under Rule 60(b), shall consider the following factors: (1) the timing of Shearson Lehman's motion for relief; (2) whether Shearson Lehman has a meritorious

defense; and (3) the degree of prejudice to Wham if relief is granted.

*Id.* at 465, 381 S.E.2d at 501–02 (citations omitted).

Rule 55(c) should be liberally construed so as to promote justice and dispose of cases on the merits. *In re Estate of Weeks,* 329 S.C. 251, 495 S.E.2d 454 (Ct.App.1997). The decision of whether to grant relief from an entry of default is solely within the sound discretion of the trial court. *Wham,* 298 S.C. at 465, 381 S.E.2d at 501; *see also Pilgrim v. Miller,* Op. No. 3435, 2002 WL 44112 (S.C.Ct.App. filed January 14, 2002) (Shearouse Adv.Sh. No. 1 at 76); *Ammons v. Hood,* 288 S.C. 278, 341 S.E.2d 816 (Ct.App.1986). An order based on this discretion will not be set aside absent an error of law or lack of evidentiary support. *Wham,* 298 S.C. at 465, 381 S.E.2d at 501; *see also Stanton v. Town of Pawley's Island,* 309 S.C. 126, 420 S.E.2d 502 (1992) (stating the appellate court will not disturb a discretionary ruling unless the ruling is without evidentiary support or is controlled by an error of law); *Ricks v. Weinrauch,* 293 S.C. 372, 360 S.E.2d 535 (Ct.App.1987) (holding abuse of discretion in setting aside a default judgment occurs when order was controlled by some error of law or, based upon factual—as distinguished from legal conclusions—was without evidentiary support); *New Hampshire Ins. Co. v. Bey Corp.,* 312 S.C. 47, 435 S.E.2d 377 (Ct.App.1993).

*Williams v. Vanvolkenburg,* 312 S.C. 373, 440 S.E.2d 408 (Ct.App.1994), holds that the appellate court reviews an evidentiary record under the "good cause" standard by determining whether the trial judge's determination is supportable by the evidence and not controlled by an error of law.

Indubitably, a "good cause" analysis under Rule 55(c) ordinarily is made by the trial judge. In this case, the attorneys in oral argument consented to a "good cause" analysis by this Court because the affidavit filed by the Maxwells' attorney presented the evidentiary basis for "good cause."

Adverting to the merits, a "good cause" review of the evidentiary record is necessary and essential. The *Wham* factors are addressed:

## A. Timing of the Moving Party's Motion for Relief

The Maxwells' attorney filed the motion to restore the case nineteen days late under the terms of the Rule 40(j) consent order. This brief period reveals the action and response of the attorney was significant and prompt upon discovering the failure to file the motion to restore within the proper time. The reaction by the Maxwells' attorney to the consent order imbroglio is imbued with alacrity and urgency.

## B. Whether the Moving Party has a Meritorious Claim

It is apodictic that the Maxwells have a meritorious claim because the record is convincing that discovery activities were substantial and the medical condition of the injured plaintiff is well documented.

## C. Degree of Prejudice to the Other party if Relief is Granted

There is absolutely no prejudice suffered or sustained by the two defendants in regard to the restoration of the case to the trial docket. Extensive preparation activities for trial had been undertaken by the defendants. There is no showing by the defendants that evidence is not available or has been impaired by this brief delay or hiatus from the trial docket.

In her brief, Genez cites *Dixon v. Besco Engineering, Inc.,* 320 S.C. 174, 463 S.E.2d 636 (Ct.App.1995), for the general proposition that "good cause" does not exist to excuse a plaintiff's failure to timely move to restore the case to the trial docket. *Dixon* is inapposite to the factual scenario depicted in this record. In *Dixon,* a former employee of an engineering company brought an action against the company, alleging the company's negligence as a bailee caused the theft of the employee's machinist tools. The judge entered a default against the company because it failed to answer the employee's complaint until over *seventy-five days* after the extended time agreed upon by the parties. The company attributed its delay to problems relating to the retention of counsel willing to take the case. In the instant case, the record demonstrates a markedly more expedited response on the part of the Maxwells' attorney upon discovering the lapse in timely moving to restore the case.

Secondly, *Dixon* does not address a motion to restore a case to the docket under a Rule 40(j) consent order. There is no case in this state relating to a "good cause" analysis under Rule 55(c) to a Rule 40(j) consent order.

## III. Waiver

The Maxwells argue Genez and Doe waived any opposition to the motion to enlarge and restore the case, as well as asserting the statute of limitations because of conduct the parties engaged in during the period the case was stricken. We disagree.

 "Waiver is a voluntary and intentional abandonment or relinquishment of a known right." *Murdock v. Murdock*, 338 S.C. 322, 333, 526 S.E.2d 241, 247 (Ct.App.1999) (citing *Parker v. Parker*, 313 S.C. 482, 443 S.E.2d 388 (1994) and *Janasik v. Fairway Oaks Villas Horizontal Property Regime*, 307 S.C. 339, 415 S.E.2d 384 (1992)). "Generally, the party claiming waiver must show that the party against whom waiver is asserted possessed, at the time, actual or constructive knowledge of his rights or of all the material facts upon which they depended." *Id.* (quoting *Janasik*, 307 S.C. at 344, 415 S.E.2d at 387–88).

 The Maxwells contend the letters written by the attorneys for Genez and Doe relating to discovery matters induced them to believe that a motion to restore the case was merely a technicality and that all of the parties intended to continue the case until trial. The correspondence of the parties, however, involved routine discovery issues relating to medical records. We find no evidence that either Genez or Doe indicated an intention to waive their rights to assert the statute of limitations nor do we find any evidence the defendants induced the Maxwells not to file a timely motion to restore.

## CONCLUSION

We hold that Rule 6(b) is applicable to motions filed pursuant to Rule 40(j). Rule 6(b) authorizes the court to enlarge the period of time in which an act is required to be performed under the Rules of Civil Procedure for *"good cause."* The "good cause" standard for enlargement of time is the same standard applied in setting aside an entry of default under

Rule 55(c), SCRCP. Here, the Maxwells' showing did constitute *"good cause."*

Accordingly, we **REVERSE** Judge Dennis' denial of the Maxwells' Motion to Restore and Motion for an Enlargement of Time and **REMAND** to the Circuit Court with instructions to restore their case to the trial docket.

**REVERSED AND REMANDED.**

CURETON, J., and THOMAS, Acting Judge, concur.