We granted this petition for a writ of certiorari to review the Court of Appeals' decision in *Cheap–O's Truck Stop, Inc. v. Cloyd,* 350 S.C. 596, 567 S.E.2d 514 (Ct.App.2002). After careful consideration, we now dismiss certiorari as improvidently granted.

**DISMISSED.**

s/ Jean H. Toal, C.J.,

s/ James E. Moore, J.
s/ John H. Waller, Jr., J.
s/ E.C. Burnett, III, J.
s/ Costa M. Pleicones, J.

591 S.E.2d 26

**ReDonna MAXWELL and George Maxwell, Respondents,**

**v.**

**Beverly M. GENEZ and John Doe, Petitioners.**

**No. 25761.**

Supreme Court of South Carolina.

Heard Nov. 4, 2003.

Decided Dec. 22, 2003.

Rehearing Denied Jan. 23, 2004.

618

Charles H. Gibbs, Jr., of Haynsworth Sinkler Boyd, P.A., for Petitioner Beverly M. Genez; Max G. Mahaffee, of Grimball & Cabaniss, L.L.C., for Petitioner John Doe; both of Charleston.

Jeffrey Scott Weathers, of Peagler & Weathers, P.A., of Moncks Corner, for respondents.

Justice BURNETT:

The Court granted a writ of certiorari to review the decision of *Maxwell v. Genez*, 350 S.C. 563, 567 S.E.2d 496 (Ct.App. 2002), in which the Court of Appeals held a motion to restore to the docket must be filed within one year of the order striking the case pursuant to Rule 40(j), SCRCP, but that the

motion can be extended for good cause pursuant to Rule 6(b), SCRCP. We reverse.

## FACTS

On March 17, 1995, Respondent ReDonna Maxwell was involved in an automobile accident with Petitioners Beverly Genez and John Doe. Mrs. Maxwell and her husband, Respondent George Maxwell, filed suit against Genez and Doe. With Genez's and Doe's consent, the Maxwells moved to have their case stricken from the docket pursuant to Rule 40(j). On April 13, 1999, a circuit court judge granted the motion to strike.

On May 1, 2000, the Maxwells moved to restore the case to the docket. On May 15, 2000, the Maxwells filed a Motion for Enlargement of Time pursuant to Rule 6(b) asserting good cause existed to extend the time in which to file the motion to restore.

Another circuit court judge denied the Maxwells' motions to restore and for an enlargement of time. The order stated the motion to restore was not filed within the one year period provided by Rule 40(j) and the judge lacked authority to extend the time period established by the initial judge's order granting the motion to strike.

The Court of Appeals concluded, if good cause exists, Rule 6(b) permits an extension of time in which to file a Rule 40(j) motion to restore and, further, found the Maxwells established good cause for requesting an extension. *Id.* The Court of Appeals reversed the order denying the motions to restore and for enlargement of time and remanded the matter to the circuit court with instructions to restore the case to the docket. *Id.* The Court granted both Genez's and Doe's petitions for a writ of certiorari.

## ISSUES

I.   Did the Court of Appeals err by holding a motion to restore under Rule 40(j) must be filed within one year of the order striking the claim?

II.   Did the Court of Appeals err by holding a motion to restore under Rule 40(j) may be extended for good cause pursuant to Rule 6(b)?

## DISCUSSION

■■■   In interpreting the meaning of the South Carolina Rules of Civil Procedure, the Court applies the same rules of construction used to interpret statutes. *Green v. Lewis Truck Lines, Inc.,* 314 S.C. 303, 443 S.E.2d 906 (1994). If a rule's language is plain, unambiguous, and conveys a clear meaning, interpretation is unnecessary and the stated meaning should be enforced. *See Knotts v. S.C. Dept. of Natural Resources,* 348 S.C. 1, 558 S.E.2d 511 (2002).

## I.

■■■   Genez and Doe argue the Court of Appeals erred by holding a motion to restore to the docket pursuant to Rule 40(j) must be filed within one year of the order granting the motion to strike. We agree.

Rule 40(j), SCRCP, provides:

**Case Stricken from Docket by Agreement.**  A party may strike its complaint, counterclaim, cross-claim or third party claim from any docket one time as a matter of right, provided that all parties adverse to that claim, counterclaim, cross-claim or third party claim agree in writing that it may be stricken, and all further agree that if the claim is restored upon motion made within 1 year of the date stricken, the statute of limitations shall be tolled as to all consenting parties during the time the case is stricken, and any unexpired portion of the statute of limitations on the date the case was stricken shall remain and begin to run on the date that the claim is restored.  A party moving to restore a case stricken from the docket shall provide all parties notice of the motion to restore at least 10 days before it is heard.  Upon being restored, the case shall be placed on the General Docket and proceed from that date as provided in this rule.

(Underline added).

Rule 40(j) does not **require** that a party move to restore the case to the docket within one year after it was stricken.

Instead, the unambiguous language provides that, **if** the claim is restored within one year after it is stricken, the statute of limitations is tolled for that period.[1] This conclusion is supported by the Notes to Rule 40 ("Rule 40(j) now requires all adverse parties to consent to the dismissal in writing, but, the consent also operates to toll the statute of limitations for one year after the case is stricken from the docket as to each consenting party.") and language in *Graham v. Dorchester County School Dist.*, 339 S.C. 121, 125, 528 S.E.2d 80, 82 (Ct.App.2000) (Rule 40(j) requires motions to restore within one year of case being stricken "to take advantage of the tolling of the statute of limitations."). A party can move to restore a case to the docket more than one year after the claim was stricken without running afoul of Rule 40(j); the party simply cannot take advantage of the one year tolling period provided by the rule. Accordingly, the Court of Appeals erred by holding the Maxwells were required to file their motion to restore within one year of April 13, 1999.

## *II.*

Genez and Doe argue the Court of Appeals erred by holding the one year deadline established by Rule 40(j) may be extended for good cause pursuant to Rule 6(b). We agree.

Rule 6(b), SCRCP, provides:

**(b) Enlargement.** When by these rules or by notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the time may be extended by written agreement of counsel for an additional period not exceeding the original time provided in these rules, or the court for cause shown may at any time in its discretion (1) with or without written motion or notice order the period enlarged if request therefore is made before the expiration of the period as originally prescribed or extended or (2) upon motion made after the expiration of the specified period, for good cause shown, permit the act to be done. ...

(Underline added).

Rule 6(b) is not applicable to Rule 40(j). The language of Rule 6(b) specifies it applies when there is a deadline. As

---

1. The order striking the Maxwells' complaint from the docket tracks the language of Rule 40(j).

explained above, Rule 40(j) does not have a deadline during which a motion to restore must be filed. Accordingly, Rule 6(b) is inapplicable.[2]

For the reasons stated above, the decision of the Court of Appeals is **REVERSED.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.

---

**2.** We note the Maxwells assert that, since Genez and Doe agreed to the Rule 40(j) dismissal after the statute of limitations had expired, they waived their right to oppose the motion to restore on grounds of the expiration of the statute of limitations. We disagree. Parties who consent to strike a claim pursuant to Rule 40(j) agree not to challenge the statute of limitations for one year. One year after the Maxwells' complaint was stricken from the docket pursuant to Rule 40(j), Genez and Doe were no longer bound by their agreement not to challenge the Maxwells' action on statute of limitations grounds.