THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Clyde L. Riley,
 Jr., and Chere J. Riley, Appellants,
 
 

v.

 
 
 
 Osmose
 Holdings, Inc., d/b/a Osmose, Inc.; Arch Wood Protection, Inc.; Chemical
 Specialties, Inc.; Cox Industries, Inc.; Buck Lumber and Building Supply,
 Inc., d/b/a Charleston Wood Industries; New South Wood Preserving, LLC;
 Collum's Lumber Products LLC; Spartanburg Forest Products, Inc.; East Coast
 Lumber Company, Inc.; Georgia-Pacific Corporation; Southern Lumber &
 Millwork Corp.; Hughes Lumber & Building Supply; G.S. Carter & Son
 Lumber Company; Lowe's Companies; 84 Lumber Company, Defendants, 
 of whom Buck Lumber
 and Building Supply, Inc. is, Respondent.
 
 

Appeal From Charleston County
Thomas A. Russo, Circuit Court Judge

Unpublished Opinion No. 2010-UP-450
 Submitted October 1, 2010  Filed October
19, 2010    

AFFIRMED

 
 
 
 William K. Austin, of Charleston, South
 Carolina; Davis S. McCrea, of Bloomington, Indiana, for Appellant.
 Morgan S. Templeton, of Charleston, South
 Carolina, for Respondent.
 
 
 

PER CURIAM: Clyde L. Riley, Jr. and Chere J. Riley (the Rileys)
 appeal the circuit court's grant of summary judgment in favor of Buck Lumber
 & Building Supply, Inc. d/b/a Charleston Wood Industries (Buck Lumber). The
 Rileys argue the circuit court erred in finding: (1) the Rileys abandoned their
 two causes of action for breach of warranty; and (2) the Rileys' claims were
 barred by the statute of limitations.  
We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. §
 36-2-725 (2003) (stating a cause of action for breach of warranty has a statute
 of limitations of six years and begins running when "the breach is or
 should have been discovered") (emphasis added); Rule 40(j), SCRCP ("A
 party may strike its complaint . . . from any docket one time as a matter of
 right, provided that all parties adverse to that claim . . . agree in writing
 that it may be stricken, and all further agree that if the claim is restored
 upon motion made within 1 year of the date stricken, the statute of limitations
 shall be tolled as to all consenting parties during the time the case is
 stricken . . . ."); Maxwell v. Genez, 356 S.C. 617, 620-21,
 591 S.E.2d 26, 28 (2003) ("Rule 40(j) does not require that a party
 move to restore the case to the docket within one year after it was stricken. 
 Instead, the unambiguous language provides that, if the claim is restored
 within one year after it is stricken, the statute of limitations is tolled for
 that period."); Futch v. McAllister Towing of Georgetown, Inc., 335
 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an "appellate
 court need not address remaining issues when disposition of prior issue is
 dispositive").     

AFFIRMED.
WILLIAMS, PIEPER, and
 KONDUROS, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.