**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wanda Mack, Appellant,

v.

Carmen Gates, Respondent.

Appellate Case No. 2015-001718

———————

Appeal From Orangeburg County
Maité Murphy, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-144
Submitted January 1, 2017 – Filed April 5, 2017

———————

**AFFIRMED**

———————

Richard Alexander Murdaugh, of Peters Murdaugh
Parker Eltzroth & Detrick, PA, of Hampton; and Steven
Dean Murdaugh, of Peters Murdaugh Parker Eltzroth &
Detrick, PA, of Walterboro, for Appellant.

James B. Lybrand, Jr., of McDonald, McKenzie, Rubin,
Miller & Lybrand, LLP, of Columbia, for Respondent.

———————

**PER CURIAM:**  Wanda Mack appeals the circuit court's orders denying her
motions to restore her case to the docket and to reconsider and finding Mack did

not file her motion to restore within the one-year timeframe set forth in Rule 40(j) of the South Carolina Rules of Civil Procedure as well as the statute of limitations had run. Mack argues (1) the one-year timeframe to file her motion to restore had not run because she was never served with a copy of the consent order striking her case from the docket and (2) even if the one-year timeframe to file her motion to restore had run, the tolling provisions under Rule 40(j), SCRCP, were irrelevant because she filed her case within the statute of limitations and her case was not dismissed but instead remained in an inactive status. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issue one: *Proctor v. Steedley*, 398 S.C. 561, 573, 730 S.E.2d 357, 363 (Ct. App. 2012) ("This court reviews questions of law de novo."); Rule 40(j), SCRCP (providing for the tolling of the statute of limitations for a claim stricken under this subsection if the claim is restored upon motion made within one year of the date stricken); *Maxwell v. Genez*, 356 S.C. 617, 621, 591 S.E.2d 26, 28 (2003) ("[T]he unambiguous language [of Rule 40(j)] provides that, if the claim is restored within one year after it is stricken, the statute of limitations is tolled for that period." (emphasis removed)); *Goodwin v. Landquest Dev., LLC*, 414 S.C. 623, 630, 779 S.E.2d 826, 830 (Ct. App. 2015) ("The effect of the rule is not to set a new deadline, but to extend the statute of limitations' deadline by applying the rule's tolling provision when the motion to restore is made within a year."); *Bowman v. Richland Mem'l Hosp.*, 335 S.C. 88, 91, 515 S.E.2d 259, 260 (Ct. App. 1999) ("An order is not final until it is written and entered by the clerk of court."); *Upchurch v. Upchurch*, 367 S.C. 16, 24, 624 S.E.2d 643, 647 (2006) ("Entry of the order occurs when the clerk of court files the order."), *disapproved of on other grounds by Miles v. Miles*, 393 S.C. 11, 711 S.E.2d 880 (2011); Rule 77(d), SCRCP ("Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by first class mail upon every party affected thereby . . . . Such mailing or electronic transmission shall not be necessary to parties who have already received notice."); *Rosen, Rosen & Hagood v. Hiller*, 307 S.C. 331, 332-34, 415 S.E.2d 117, 117-18 (Ct. App. 1992) (finding the appellants received sufficient notice of the filing of an order in compliance with Rule 77(d) when they received a letter enclosing an unsigned copy of the order).

2. As to issue two: *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review."); *Helms Realty, Inc. v. Gibson-Wall Co.*, 363 S.C. 334, 339,

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

611 S.E.2d 485, 487-88 (2005) ("Appellant ha[s] the burden of providing a sufficient record [on appeal]."); *Zaman v. S.C. Bd. of Med. Examrs.*, 305 S.C. 281, 285, 408 S.E.2d 213, 215 (1991) (finding an issue was not preserved when the record did not show the issue was raised); *Noisette v. Ismail*, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (finding an issue was not preserved when the circuit court did not rule on the issue and the appellant did not file a Rule 59(e), SCRCP, motion); *Dodge v. Dodge*, 332 S.C. 401, 418, 505 S.E.2d 344, 352-53 (Ct. App. 1998) (finding an appellant's argument was not preserved for appeal when he "failed to specifically raise the issue in his Rule 59(e), SCRCP, motion for reconsideration").

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**